■ In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of HEIDI S., Appellant, v PAUL S., Respondent. [837 NYS2d 456]—

Appeal from an order of the Family Court, Oneida County (David A. Murad, A.J.), entered June 29, 2006 in a proceeding pursuant to Family Court Act article 4. The order, among other things, modified an order of the Support Magistrate and ordered that petitioner shall not issue a medical execution without a determination made by a court of competent jurisdiction that health insurance benefits are available within the meaning of Family Court Act § 416 (d) (2).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify a support order, and respondent consented to the modification by agreeing to pay $50 per month for child support. The Support Magistrate's order further set forth that health insurance "is not available and affordable at this time." Petitioner filed an objection to that order, contending that the Family Court Act and the Domestic Relations Law both require support orders to contain language directing any legally responsible relative to provide health insurance benefits when such coverage becomes available if such coverage is not presently available. Family Court determined that, although petitioner was correct that the language with respect to health insurance benefits was mandatory, the decision whether benefits were available, i.e., reasonable in cost, should be made by the court, and the Support Magistrate had in fact determined that health insurance benefits were not available. The court therefore granted the objection to the extent of providing that the parties shall notify petitioner "in writing regarding any change in health insurance benefits available to them." The court further ordered that petitioner "shall not issue a medical execution without a determination made by a court of competent jurisdiction that the health insurance benefits are 'available' " within the meaning of Family Court Act § 416 (d) (2).

Petitioner contends on appeal that the court erred in limiting petitioner's authority to issue a medical execution pursuant to CPLR 5241 (b) (2) (i). We reject that contention. CPLR 5241 (b) (2) (i) provides that "[w]here the court orders the debtor to provide health insurance benefits for specified dependents, an execution for medical support enforcement may . . . be issued by the support collection unit." Pursuant to Family Court Act § 416 (h), the court shall direct the legally responsible relative to enroll the eligible dependents to receive health insurance benefits "[w]here the court determines that health insurance benefits are available" (see § 416 [c], [d] [2]).

" 'Available health insurance benefits' [are] any health insurance benefits that are reasonable in cost and that are reasonably accessible to the person on whose behalf the petition is brought" (§ 416 [d] [2]). Here, the Support Magistrate determined that health insurance benefits are not available, and respondent therefore has not been ordered to provide such benefits. Thus, the prerequisite for the issuance of a medical execution, i.e., an order directing a debtor to provide health insurance benefits (see CPLR 5241 [b] [2] [i]), has not been met. We

therefore conclude that the court properly determined that petitioner lacks authority pursuant to CPLR 5241 (b) (2) (i) to issue a medical execution in the absence of a determination by the court that health insurance benefits are available. Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.