OPINION OF THE COURT
Lahtinen, J.
Respondent’s son (born in 2001) began receiving public assistance in July 2010. Thereafter, petitioner commenced this support proceeding on behalf of the person (an aunt of the child’s mother) who has custody of the child. At a hearing before a Support Magistrate, the parties agreed to the amount of respondent’s weekly child support payment and further agreed that, although family health insurance benefits were offered by respondent’s employer, such benefits were not “available” within the meaning of Family Ct Act § 416 because at nearly 14% of his gross income the benefits were not “reasonable in cost” (see Family Ct Act § 416 [d] [2], [3]). The Support Magistrate, while verbally directing respondent to notify the Support Collection Unit of any changes in his health insurance benefits, nonetheless refused petitioner’s request that the order contain language directing respondent to enroll his son for health insurance benefits in the future if such benefits became available at a reasonable cost.
An objection was filed by petitioner arguing that the Support Magistrate erred in omitting from the order the requested language regarding future health insurance benefits. Family Court modified the Support Magistrate’s order by directing respondent to notify petitioner in writing if there is any change in health insurance benefits available to him, and directing petitioner to refrain from issuing a medical execution before obtaining a judicial determination of availability. Petitioner’s objection was otherwise denied. Petitioner appeals.
*35 Petitioner contends that Family Court’s order did not go far enough and that it should have also included language requiring respondent to immediately enroll his child in health insurance should it become available. Petitioner asserts that the statute requires that such language be included in the support order and that such language would ensure that the burden to act regarding a child’s possible health insurance benefits would be on the parent rather than the support collection unit. However, the issue of whether health insurance benefits are “available” within the meaning of the statute is not always discernible by a simple mathematical calculation, and the statute implicates judicial involvement in that determination.
For health insurance benefits to be considered “available,” the benefits must be both “reasonable in cost” and “reasonably accessible” (Family Ct Act § 416 [d] [2]). As for the cost element, we note that “cost” in this context is “the cost of the premium and deductible attributable to adding the child or children to existing coverage or the difference between such costs for self-only and family coverage” (Family Ct Act § 416 [d] [3]). There is a presumption that the cost as so-defined is reasonable if it does not exceed five percent of the combined parental gross income (see Family Ct Act § 416 [d] [3]). The presumption, however, can be rebutted upon a finding that the cost is “unjust or inappropriate” in light of, among other things, “the circumstances of the case” and “the best interests of the child” (Family Ct Act § 416 [d] [3]); a finding that requires a judicial determination. Further, cost is not reasonable if it “would reduce the income of th[e] parent below the self-support reserve” (Family Ct Act § 416 [d] [3]; see Family Ct Act § 413 [1] [b] [6] [defining “self-support reserve”]).
The second element in establishing that health insurance benefits are “available” is that the benefits are “reasonably accessible to the person on whose behalf the petition is brought” (Family Ct Act § 416 [d] [2]). While there is a presumption of accessibility based upon distance and travel time, this may be rebutted “for good cause shown including, but not limited to, the special health needs of the child” (Family Ct Act § 416 [d] [3]). Varying from this presumption must be based on a judicial finding that is set forth in the support order (see Family Ct Act § 416 [d] [3]).
Petitioner’s position that a parent should be obligated to navigate these statutory provisions and determine whether any change in his or her health insurance benefits results in such *36 benefits becoming “available” is unrealistic. Further, as noted by the Support Magistrate, including the language requested by petitioner routinely causes confusion to those enforcing the support order because the word “available” is read broadly, resulting in a medical execution being sent because health insurance benefits are offered (available) by a parent’s employer even though the benefits are not “available” as that term is used in the statute. On the other hand, Family Court’s approach of requiring that any change in health insurance benefits be immediately reported by respondent provides a workable framework that ensures that once “available” — within the meaning of the statute — health insurance benefits will be extended to the child. This provision complies with the statutory requirement that the support order provide for, among other things, future health insurance benefits for the child when “available” (see Family Ct Act § 416 [c]; see generally Matter of Oneida County Dept. of Social Servs. v Paul S., 41 AD3d 1189 [2007], lv denied 9 NY3d 810 [2007]).
Finally, we are unpersuaded by petitioner’s assertion that Family Court erred in prohibiting it from issuing a medical execution pursuant to CPLR 5241 in the absence of a judicial determination that health insurance benefits are available to respondent (see Matter of Oneida County Dept. of Social Servs. v Paul S., 41 AD3d at 1190-1191).
Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.