# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

157

CAF 14-00143

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF CHAUTAUQUA COUNTY DEPARTMENT
OF HEALTH AND HUMAN SERVICES, ON BEHALF OF
APRIL S. MATTESON, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BARRY R. MATTESON, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

JULIE B. HEWITT, MAYVILLE, FOR PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered October 17, 2013 in a proceeding pursuant to Family Court Act article 4. The order dismissed the objection of the Chautauqua County Department of Health and Human Services and affirmed the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify an order of support. The Support Magistrate issued an order determining that neither parent had available health insurance benefits for the child, that each parent "shall provide health insurance coverage if it ever becomes available through employment for the child at a reasonable cost," and that each parent "shall advise the Chautauqua County Support Collection Unit of any change respecting the availability of medical coverage for the child." The order further provided that, "if health insurance benefits for the child become available to either party in the future, the Department of Social Services or a party may file a modification petition seeking a Court Order obligating a party to provide health insurance benefits for the child; a Medical Income Execution shall not [be issued] without such Court Order." Petitioner filed an objection to the order, requesting that the order be modified to delete the language "a Medical Income Execution shall not [be issued] without such Court Order." Family Court dismissed the objection and affirmed the order of the Support Magistrate, and we now affirm.

Family Court Act § 416 (c) requires child support orders to include a provision that, if a parent currently or in the future has health insurance benefits available that may be extended or obtained to cover the child, the parent is required to exercise the option of additional coverage in favor of the child. The term " '[a]vailable

health insurance benefits' " is defined as health insurance benefits that are "reasonable in cost," which in turn is defined as costs that do not exceed five percent of the combined parental gross income (§ 416 [d] [2], [3]).  A court, however, may also find that the cost is not reasonable considering "the circumstances of the case" (§ 416 [d] [3]).  Moreover, the benefits are not "reasonable" in cost if the "parent's share of the cost of extending such coverage would reduce the income of that parent below the self-support reserve" (§ 416 [d] [3]).  In short, Family Court Act § 416 (c) and (d) "implicate[] judicial involvement" in determining the issue "whether health insurance benefits are 'available' " (*Matter of Chemung County Commr. of Social Servs. v Beard*, 101 AD3d 33, 35).

CPLR 5241 (b) (2) (i) provides in relevant part that, where the court "orders the [parent] to provide health insurance benefits for specified dependents, an execution for medical support enforcement may . . . be issued by the support collection unit."  CPLR 5241 (b) (2) (ii) provides in relevant part that, where a child support order requires the parent "to provide health insurance benefits for specified dependents, and where the [parent] provides such coverage and then changes employment, and the new employer provides health care coverage, an amended execution for medical support enforcement may be issued by the support collection unit . . . without any return to court."

Petitioner contends that, pursuant to CPLR 5241 (b) (2) (ii), it may issue a medical income execution to a new employer of the parent without going to court, and it was therefore error for the Support Magistrate to include the provision that a medical income execution "shall not [be issued] without such Court Order."  We conclude that petitioner's reliance on CPLR 5241 (b) (2) (ii) is misplaced.  A plain reading of that statute shows that it is not applicable here because neither parent provided health insurance coverage for the child at the time the Support Magistrate issued the order.  The statute specifically provides that, "*where* the [parent] provides such coverage *and then* changes employment," an amended medical income execution may be issued by petitioner without returning to court (*id.* [emphasis added]).  Inasmuch as there was no medical income execution that was issued in this case, there was nothing to "amend."  Contrary to petitioner's further contention, a medical income execution can be issued only where a court has ordered a parent to provide health insurance benefits, and that has not occurred yet inasmuch as the Support Magistrate determined that such benefits are not available (*see* CPLR 5241 [b] [2] [i]; *Matter of Oneida County Dept. of Social Servs. v Paul S.*, 41 AD3d 1189, 1190-1191, *lv denied* 9 NY3d 810).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court